UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JHON J. VELASQUEZ

      Plaintiff,

v.

POLLOS Y JARRAS, LLC

      Defendant,

_____/

## **COMPLAINT**

    The Plaintiff JHON J. VELASQUEZ, by and through undersigned counsel, hereby sues Defendant POLLOS Y JARRAS, LLC on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff JHON J. VELASQUEZ, under the  Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325)(ADAAA);  and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant discriminatory treatment on the basis of his Disability.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 1201 et seq., as amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff JHON J. VELASQUEZ is a resident of Miami-Dade County, within the jurisdiction of this Court, who was employed by Defendant. The Plaintiff is a member of certain protected classes of persons.

7. Corporate Defendant POLLOS Y JARRAS, LLC (hereinafter, "POLLOS Y JARRAS", or Defendant"), is a profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court. Defendant affects interstate commerce, and at all material times, relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

<u>PROCEDURAL REQUIREMENTS</u>

8. All conditions precedent for this action has been fulfilled. On or about August 01, 2019, Plaintiff JHON J. VELASQUEZ dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about September 04, 2019, the U.S. Equal

Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination.  ***See composite Exhibit "A."***

## STATEMENT OF FACTS

9.  Plaintiff JHON J. VELASQUEZ is a 26 years old male resident of Miami-Dade County, who was employed by Defendant POLLOS Y JARRAS and is a member of certain protected classes of persons because of his Disability and his participation in protected activity within the meaning of the Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325)(ADAAA);  and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760 .

10. Defendant POLLOS Y JARRAS is a restaurant that employed Plaintiff JHON J. VELASQUEZ as a busboy from September 01, 2017, to January 28, 2019 or 73 weeks.

11. The Plaintiff worked at POLLOS Y JARRAS located at 115 NE 3rd Avenue, Miami FL 33132.

12. The Plaintiff was hired as a full-time hourly employee working 40 hours or more. At the time of his termination, Plaintiff's wage-rate was $7.67 an hour plus shared tip.

13. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

14. However, during the time the Plaintiff was employed by the Defendant, he was subjected to unlawful discrimination, harassment and retaliation on the basis of his Disability. This unlawful discrimination created for Plaintiff a hostile working environment, which finally caused her termination.

15. While employed by Defendant POLLOS Y JARRAS, unfortunately for Plaintiff, he developed a skin condition called Pseudofolliculitis Barbae (PFB), which is a chronic inflammatory skin condition caused primarily as a result of excessive shaving and ingrown hair. Usually occurring in the beard area in men, PFB is characterized by painful, pruritic, and unsightly erythematous papules and pustules. If left untreated, this condition results in hypertrophic scarring, post-inflammatory hyperpigmentation (PIH), keloid formation, and cosmetic disfigurement. The Plaintiff's condition became chronic and permanent.

16. On or about November 29, 2018, due to his serious condition, the Plaintiff looked for medical treatment.  The Plaintiff was prescribed antibiotics and he was advised to stop shaving. The Plaintiff was provided a "Medical Note" explaining his condition and requesting the employer to allow Plaintiff to reduce shaving.

17. The next day, November 30, 2018, the Plaintiff delivered this note to Human Resources, to General Manager Luis Pineda, and Manager Giuseppe Castellano.

18. On November 30, 2018, Plaintiff also requested his managers and to the owner of the business, Juan Chipoco, reasonable special accommodations which consisted of allowing him to stop daily clean shaving because clean shaving aggravated his skin condition. The Plaintiff notified all his managers about his condition.

19. After Plaintiff requested special accommodations, he was subjected to daily harassment by his managers and the owner of the business Juan Chipoco.

20. The Defendant refused to provide Plaintiff with the necessary reasonable accommodations. Defendant ignored Plaintiff's medical note, and his need for reasonable special accommodations.

21. Every day, the Plaintiff was pressured to shave by his supervisors. Eventually, and contrary to medical advice, Plaintiff began to shave every third day, but this was not enough for Defendant's grooming policy, and Plaintiff received daily admonishments to trim his beard no matter how short it was.

22. As a result of his request for reasonable accommodations, the Plaintiff suffered an adverse employment action. The plaintiff's working hours were reduced from around 40 to 25 working hours per week, which put him under financial hardship.

23. The Plaintiff was given a discriminatory treatment based on his disability and his request for special accommodations. Defendant subjected Plaintiff to a continuous, and severe harassment because of his disability and his request for special accommodations. The harassment was severe and pervasive as to alter and interfere with the terms and conditions of Plaintiff's employment, creating a hostile working environment.

24. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in his place of work. The Plaintiff knew that his superiors did not like his impairment and request for special accommodations, and he knew his superiors were looking for excuses to fire him.

25. The Defendant continued demanding Plaintiff to shave every day. The Plaintiff engaged in protected activity, and he refused to shave explaining his condition to his superiors multiple times.

26. The Plaintiff engaged in protected activity within the meaning of the ADA and the FCRA.

27. The Defendant was in notice of Plaintiff's obvious disability, and it had ample opportunity to observe that the Defendant's policy and procedures regarding grooming had become a workplace barrier created for Plaintiff.

28. Nevertheless, the Defendant ignored Plaintiff's reasons. The Defendant ignored that the Plaintiff's disability substantially limited Plaintiff's ability to comply with Defendant's grooming policies. The Defendant ignored Plaintiff's rights to be provided with reasonable accommodations which would enable him as an employee with a disability, to enjoy equal benefits and privileges of employment as are enjoyed by other employees without disabilities.

29. The Defendant failed to provide reasonable accommodations to the Plaintiff as required by Federal and State law.

30. On or about January 28, 2019, while Plaintiff was working his shift, manager Jeffrey LNU called Plaintiff and demanded him to shave, the manager gave Plaintiff a razor and ordered him to shave right away.  The plaintiff explained one more time that he was not able to do it, due to his skin condition, that he was in a long healing process and that he had requested special accommodations with a medical certificate.  The Plaintiff even promised that he would shave at home the next day.

31. However, the manager insisted, but Plaintiff refused to shave. The manager got very upset and fired the Plaintiff on the spot.

32. After his termination, Plaintiff notified about the unfair retaliatory employment action to the Human Resources Department. The Plaintiff was told that he would be contacted later, but they never did it.

33. On or about January 28, 2019, Plaintiff JHON J. VELASQUEZ was terminated by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

34. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's request for special accommodation and participation in protected activity.

### COUNT I:
### VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA"), 42 U.S.C.A. §§ 12101 et seq., AS AMENDED DISCRIMINATION BASED ON DISABILITY

35. Plaintiff JHON J. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

36. Defendant POLLOS Y JARRAS is a restaurant that employed Plaintiff JHON J. VELASQUEZ as a busboy from September 01, 2017, to January 28, 2019 or 73 weeks.

37. The Plaintiff was hired as a full-time hourly employee working 40 hours or more. At the time of his termination, Plaintiff's wage-rate was $7.67 an hour plus shared tip.

38. At all times material hereto, the Employer/Defendant POLLOS Y JARRAS failed to comply with the Americans with Disabilities Act of 1990 [42 U.S.C. § 12112(a)], as amended which states, "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

39. A "Disability" under the ADA, is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." [42 U.S.C.S. § 12101 *et seq.*]

40. The plaintiff was a qualified individual with a Disability or regarded as having such an impairment who required special accommodation to perform the essential function of his position.

41. The Plaintiff suffers from Pseudofolliculitis Barbae (PFB), which is a chronic inflammatory skin condition, which substantially limits one or more of the Plaintiff's major life activities; there is a record of such impairments; and/or Plaintiff is regarded as having such impairments.

42. The Plaintiff was a qualified individual with an obvious Disability, and he required reasonable special accommodations that would enable him as an individual with a disability to enjoy equal employment opportunities.

43. The Defendant denied and refused to provide Plaintiff reasonable special accommodations, in violation of the ADA.

44. The discrimination of the Plaintiff by the Defendant was caused by Defendant being aware of Plaintiff's physical impairments.

45. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Disability or regarded Disability.

46. At all relevant times, including the time of discrimination, the Defendant was aware of Plaintiff's disabilities.

47. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

48. The Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to his discharge from employment by Defendant.

49. The Plaintiff was discriminated against by Defendant because he had a Disability, or he was regarded as having a disability.

50. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title I of the Americans with Disabilities Act of 1990, as amended.

51. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his disability in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

53. The Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination

against Plaintiff because Plaintiff had a Disability or regarded as having such impairment in violation of the Act.

54. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

55. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's Disability.

56. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Disability. The discrimination on the basis of Disability constitutes unlawful discrimination.

57. Defendant POLLOS Y JARRAS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

58. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff JHON J. VELASQUEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant POLLOS Y JARRAS its officers, successors, assigns, and all persons in active concert or participation

with it, from engaging in any employment practice which discriminates based on Disability.

B. Reinstate Plaintiff JHON J. VELASQUEZ to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Disability.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT</u>**
**<u>OF 1990 ("ADA"), 42 U.S.C. § 12203; RETALIATION</u>**

59. Plaintiff JHON J. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

60. Defendant POLLOS Y JARRAS is a restaurant that employed Plaintiff JHON J. VELASQUEZ as a busboy from September 01, 2017, to January 28, 2019 or 73 weeks.

61. The Plaintiff was hired as a full-time hourly employee working 40 hours or more. At the time of his termination, Plaintiff's wage-rate was $7.67 an hour plus shared tip.

62. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment who required special accommodation to perform the essential functions of his position.

63. The Plaintiff requested reasonable specials accommodations to perform his job. The Defendant refused to provide Plaintiff with necessary special accommodations that would enable him as an individual with a disability to enjoy equal employment opportunities.

64. As a result of the Plaintiff's disability or perceived disability, and his request for special accommodations, Defendant subjected Plaintiff to a hostile working environment which resulted in adverse employment actions.

65. The Plaintiff's working hours were reduced from a full-time position with 40 or more working hours, to a part-time position with 25 working hours.

66. At all times material hereto, the Employer/Defendant POLLOS Y JARRAS failed to comply with the Americans With Disabilities Act of 1990 [42 U.S.C. § 12203 (a) and (b) states in pertinent part:

**(a) Retaliation**
No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
**(b) Interference, coercion, or intimidation**
It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other

individual in the exercise or enjoyment of, any right granted or protected by this chapter.

67. Defendant POLLOS Y JARRAS is a sophisticated employer who has actual knowledge of the requirements of the Americans with Disabilities Act of 1990 [42 U.S.C. § 12203 (a) and (b), which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

68. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

69. Defendant POLLOS Y JARRAS through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff JHON J. VELASQUEZ on account of Plaintiff's complaints of Disability discrimination and his requests for reasonable special accommodations.

70. The Plaintiff protested and complained about discrimination and harassment on basis of his Disability and his requests for special accommodations.

71. The Plaintiff complained the last time about discrimination and harassment on basis or his Disability or perceived Disability to manager Jeffrey LNU on or about January 28, 2019.

72. On or about January 28, 2019, the Plaintiff was fired in retaliation for his complaints about Disability Discrimination and denial of reasonable special accommodations.

73. At the time that the Plaintiff complained of discrimination and harassment to his supervisors, Plaintiff was terminated without good cause and in violation of the

anti-retaliation provision of the Americans With Disabilities Act of 1990 [42 U.S.C.
§ 12203 (a) and (b).

74. Moreover, the Plaintiff's termination came just in temporal proximity after
Plaintiff's participation in protected activity.

75. The Defendant's actions were malicious and were recklessly indifferent to the
Plaintiff's rights protecting a person from discrimination due to his Disability and
retaliation due to his complaints of unlawful discrimination.  Retaliation based on
having engaged in a protected activity constitutes unlawful retaliation.

76. Defendant POLLOS Y JARRAS is subject to vicarious liability for the actions of
its agents because it failed to take adequate remedial measures to prevent and to
halt the discrimination, harassment, and retaliation to which Plaintiff was subjected
to despite Defendant's knowledge that such discrimination, harassment, and
retaliation was occurring.

77. As a result of the retaliation, Plaintiff JHON J. VELASQUEZ has incurred
substantial monetary losses and has suffered emotional distress, embarrassment and
humiliation, and the violation of his statutory rights.

78. Plaintiff has retained the law offices of the undersigned attorney to represent him
in this action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JHON J. VELASQUEZ respectfully requests that this court order
the following:

A. Grant a permanent injunction enjoining Defendant POLLOS Y JARRAS, its
officers, successors, assigns, and all persons in active concert or participation

with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff JHON J. VELASQUEZ whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff JHON J. VELASQUEZ demands a trial by jury on all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON DISABILITY

79. Plaintiff JHON J. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-33 and above as if set out in full herein.

80. Defendant POLLOS Y JARRAS is a restaurant that employed Plaintiff JHON J. VELASQUEZ as a busboy from September 01, 2017, to January 28, 2019 or 73 weeks.

81. The plaintiff was hired as a full-time hourly employee working 40 hours or more. At the time of his termination, Plaintiff's wage-rate was $7.67 an hour plus shared tip.

82. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment who required special accommodation to perform the essential functions of his position.

83. At all times material hereto, the Employer/Defendant POLLOS Y JARRAS failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status*"

84. The discrimination of Plaintiff JHON J. VELASQUEZ by Defendant POLLOS Y JARRAS was caused by the Defendant being aware of Plaintiff's Disability or perceived Disability or Handicap.

85. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Disability or perceived Disability or Handicap.

86. At all relevant times, including the time of discrimination, Defendant POLLOS Y JARRAS was aware that Plaintiff JHON J. VELASQUEZ belonged to a certain class of persons protected by FCRA.

87. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

88. The Plaintiff was qualified for the position apart from his apparent Disability or perceived Disability or Handicap.

89. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

90. Defendant POLLOS Y JARRAS through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff JHON J. VELASQUEZ on account of his Disability or perceived Disability or Handicap in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

91. Plaintiff JHON J. VELASQUEZ was wrongfully terminated by the Defendant POLLOS Y JARRAS and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Disability or perceived Disability or Handicap.

92. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JHON J. VELASQUEZ suffered serious economic losses as well as mental anguish, humiliation, pain and suffering, and the violation of his statutory rights.

93. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant POLLOS Y JARRAS is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Disability and complaints related to the unlawful acts of discrimination and harassment.

94. Defendant POLLOS Y JARRAS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected

to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

95. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Disability. Discrimination on the basis of Disability or handicap constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

96. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JHON J. VELASQUEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant POLLOS Y JARRAS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Disability or Handicap;

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

JURY TRIAL DEMAND

Plaintiff JHON J. VELASQUEZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;   RETALIATION**

97. Plaintiff JHON J. VELASQUEZ re-adopts every factual allegation as stated in paragraphs 1-33 and 79-96 of this Complaint as if set out in full herein.

98. This is an action against Defendant POLLOS Y JARRAS for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

99. Defendant POLLOS Y JARRAS is a restaurant that employed Plaintiff JHON J. VELASQUEZ as a busboy from September 01, 2017, to January 28, 2019 or 73 weeks.

100. The Plaintiff was hired as a full-time hourly employee working 40 hours or more. At the time of his termination, Plaintiff's wage-rate was $7.67 an hour plus shared tip.

101. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment who required special accommodations to perform the essential functions of his position.

102. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

103.     The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

104.     Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Disability or perceived Disability, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

105.     While working for Defendant POLLOS Y JARRAS Plaintiff JHON J. VELASQUEZ was subjected to discrimination and harassment based on his Disability.

106.     As a result of the Plaintiff's Disability or perceived Disability, and his request for special accommodations, Defendant subjected Plaintiff to a hostile working environment which resulted in adverse employment actions.

107.     The Plaintiff's working hours were reduced from a full-time position with 40 or more working hours, to a part-time position with 25 working hours weekly.

108.     The Plaintiff reasonably engaged in protected activity by complaining about discrimination and harassment on basis of his Disability.

109.     The Plaintiff complained the last time about discrimination and harassment on basis or his Disability or perceived Disability to manager Jeffrey LNU on or about January 28, 2019.

110.     On the same day, on or about January 28, 2019, Plaintiff was fired in retaliation for his complaints about Disability Discrimination.

111.     At the time that the Plaintiff complained of discrimination and harassment to his supervisors, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of anti-retaliation provisions of the FCRA, *Fla. Stat. Section 760.10,* (7).

112.     Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

113.     The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

114.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his Disability and retaliation due to his complaints of unlawful discrimination.

115.      Retaliation based on having engaged in a protected activity constitutes unlawful retaliation under the FCRA.

116.     Defendant POLLOS Y JARRAS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

117.     As a result of the retaliation, Plaintiff JHON J. VELASQUEZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation, and the violation of his statutory rights.

118.     The Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

119.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JHON J. VELASQUEZ respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant POLLOS Y JARRAS, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff a judgment against the Defendant POLLOS Y JARRAS for compensatory damages as determined by the trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant POLLOS Y JARRAS;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff JHON J. VELASQUEZ demands a trial by jury on all issues triable as of right

by a jury.

Dated:  November 22, 2019

Respectfully submitted,

By:  <u>__/s/ **Zandro E. Palma**____</u>
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*